**Constance HORNER, Director, Office of Personnel Management, Petitioner,**

v.

**Manuela G. GARZA and American Federation of Government Employees, AFL–CIO, Local 2681, Respondents.**

**Miscellaneous No. 165.**

United States Court of Appeals, Federal Circuit.

Aug. 31, 1987.
Published Order Oct. 27, 1987.[*]

---

* This order is published pursuant to an unopposed motion to publish filed by Constance Horner, Director, Office of Personnel Management.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Robert A. Reutershan, Asst. Director and Stephen J. McHale, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., represented petitioner.

Mark D. Roth, Washington, D.C., represented respondents.

Before DAVIS, NIES and BISSELL, Circuit Judges.

## ORDER

DAVIS, Circuit Judge.

Constance Horner, Director of the Office of Personnel Management (OPM), petitions for review of the arbitrator's award in the matter of Manuela G. Garza and the American Federation of Government Employees, AFL–CIO, Local 2681 (Garza). Garza opposes the petition.

The Social Security Administration demoted Garza from a GS–10 grade level to a GS–7 grade level. Pursuant to the collective bargaining agreement, the matter was heard by an arbitrator. The arbitrator sustained the demotion finding that the employing agency met its burden of proving that Garza's performance was unacceptable. However, the arbitrator then modified the penalty by directing the agency to give Garza priority consideration for the next available opening at GS–10 after Garza received an overall "excellent" job performance evaluation for one annual rating period.

The issue of whether an arbitrator may modify an agency penalty imposed in a chapter 43 proceeding was recently before the court in *Horner v. Bell,* 825 F.2d 382 (Fed.Cir.1987). In *Bell,* this court determined that an arbitrator may not modify an agency penalty. Hence, the issue presented here is not in doubt.

In this petition, OPM argues that the arbitrator's decision will have a "substantial impact," for purposes of 5 U.S.C. § 7703(d), on the civil service system because other arbitrators will be encouraged to take similar actions. However, in view of this court's clear holding in *Bell,* and the arbitrator's award being *ultra vires* and unenforceable, this is unlikely to occur. Accordingly, OPM, under the circumstances here, does not meet the requirement of showing that the arbitrator's decision will have a "substantial impact" as required by 5 U.S.C. § 7703(d).

Upon consideration thereof,

IT IS ORDERED THAT:

OPM's petition for review is denied.